# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

YOANDY FERNANDEZ-MORALES,

    Plaintiff(s),

v.

DR. AGUSTIN, et al.,

    Defendant(s).

Case No. 2:21-cv-01319-GMN-NJK

**ORDER**

[Docket Nos. 25, 29, 30, 31, 32, 33, 34, 35, and 36]

Pending before the Court is Plaintiff's request for judicial notice, which the Court construes as a motion to compel discovery. Docket No. 25. Defendants filed a response. Docket No. 27. Plaintiff filed a reply. Docket No. 28. Also pending before the Court are Plaintiff's additional motions to compel and for sanctions. Docket Nos. 29, 30, 31, 32.[1] Also pending before the Court are Defendants' motions to strike. Docket Nos. 33, 34, 35, 36.[2] The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons explained below, all of these motions are **DENIED** without prejudice.

---

[1] The Court will not resolve the substance of the arguments presented, as discussed below. In an effort to streamline proceedings moving forward, however, Plaintiff must ensure that he is not filing duplicative requests with the Court. It generally takes some time for motions to be resolved, *cf.* Docket No. 2 at 1, and a party must await a ruling on an already-filed motion rather than filing multiple motions seeking the same relief, *id.* at 3.

[2] The Court will not resolve the substance of the arguments presented, as discussed below. The Court makes a few observations with respect to motions to strike in an effort to streamline proceedings moving forward. First, Rule 12(f) of the Federal Rules of Civil Procedure applies to *pleadings* and does not apply to papers submitted in motion practice. *See, e.g.*, *United Nat. Ins. Co. v. Assurance Co. of Am.*, 2014 WL 4960915, *1 (D. Nev. June 4, 2014) (describing the effort to use Rule 12(f) to strike papers submitted in motion practice as "one of the classic blunders"). Second, courts generally find it not to be a useful expenditure of resources to entertain motions to strike without any showing of prejudice with respect to the filings of *pro se* litigants who may be unfamiliar with the technical aspects of the applicable rules. *Zeddies v. Clark Cnty. Sch. Dist.*, 2021 WL 2583545, at *2 (D. Nev. June 23, 2021). Attorneys in that situation are generally better served by simply responding to the motion, rather than attempting to strike it.

1

The Court is dismayed by the tenor of these filings and the manner in which discovery is being conducted. "The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Carona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). Litigants in discovery must "strive to be cooperative, practical and sensible." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015); *see also* Fed. R. Civ. P. 1 (making clear that "the parties" must use the Federal Rules of Civil Procedure in a manner designed "to secure the just, speedy, and inexpensive determination of every action"). The need for common sense cooperation is particularly acute in the context of discovery involving a *pro se* prisoner. *See, e.g.*, *Jones v. Zimmer*, 2014 WL 6772916, at *7 (D. Nev. Dec. 2, 2014) (highlighting the unpersuasive nature of technical quibbling in light of a plaintiff's *pro se* status). Lastly, parties must use the discovery rules as a mechanism to facilitate the efficient exchange of information rather than as procedural weapons used in an effort to create pitfalls to thwart an opponent. *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 302 (D. Nev. 2019); *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 243 (D. Nev. 2017). "These are not simply the sentiments of an idealistic and frustrated magistrate [judge]. They are the law." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).

The Court declines to get into the weeds of the substance of the parties' current discovery disputes at this juncture, although it has significant concerns as to several aspects of the pending motion practice. Instead, the Court offers the parties an opportunity to reset their relationship so that it reflects the cooperation required by the law. To that end, all of the above discovery motions (Docket Nos. 25, 29, 30, 31, 32, 33, 34, 35, 36) are **DENIED** without prejudice. The parties will have a period of three weeks to confer afresh as to discovery in this case and must approach this period with an eye toward common sense. Although the Court generally allows conferrals involving inmates to be completed in writing, *see* Local Rule IA 1-3(f)(1), the conferences identified herein must be conducted by telephone, by video, or in-person to better facilitate cooperation, *see* Local Rule IA 1-4 (court may *sua sponte* modify local rules in any particular case

in the interest of justice).³  To the extent that language barriers exist, the parties must proceed patiently to ensure that they fully understand one another.  <u>No discovery-related filings will be entertained during this period, which ends on January 31, 2023.</u>

In light of this order, the Court also **RESETS** case management deadlines as follows:

- Amend pleadings/ add parties:  closed
- Discovery cutoff:  March 13, 2023
- Discovery motions:  March 27, 2023
- Dispositive motions:  April 12, 2023
- Joint proposed pretrial order:  May 12, 2023, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: January 10, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

³ If conferrals by telephone, by video, or in-person are truly not possible given Plaintiff's incarceration status, a certification must be made explaining why that is so and that meaningful written conferral efforts were undertaken instead.